IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| KERRY A. POLK, | * | |
| Petitioner, | * | |
| | | CASE NO. 5:08-CV-90029  HL |
| VS. | * | 28 U.S.C. § 2241 |
| | | CASE NO. 5:98-CR-00066 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

Petitioner Polk was indicted in this court on July 16,1998, for Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e).  (R-1). He was convicted of that offense by jury trial on January 19, 1999, and sentenced, after report of a Pre-Sentence Investigation, to serve 250 months imprisonment on April 1, 1999. (R-32).  Petitioner timely appealed his conviction and sentence to the United States Court of Appeals for the Eleventh Circuit where the same were affirmed on December 2, 1999. (R-39). Petitioner sought a *writ of certiorari* from the United States Supreme Court which was denied on April 17, 2000.   *United States v. Polk,* 529 U.S. 1076, 120 S.Ct. 1693 (2000).

On November 7, 2000,  Petitioner timely filed in this court a Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (R- 40).  This Motion was denied on November 30, 2000. (R- 42).  On February 7, 2003, Petitioner filed a second  Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, which was denied as being successive on March 11, 2003. (R- 48, 55).  Then, on January 13, 2006, Petitioner filed a "Motion For Re-sentencing Upon Overturning Prior Conviction Pursuant to 18 U.S.C.

§ 3559(c)(7)" which was treated as a § 2255 petition and denied as untimely pursuant to the AEDPA one-year statute of limitations and *Johnson v. United States,* 125 S.Ct. 1571 (2005), on April 5, 2006. (R-57, 63). Thereafter, on June 14, 2007, Petitioner Polk filed a "Petition For Habeas Corpus Pursuant To 28 U.S.C. § 2241 and § 2243 Actual Innocence" (R-1, Case No. 5:07-CV-234), which was ultimately dismissed on September 18, 2008, because the court lacked jurisdiction to entertain his successive petition. (R-7, Case No. 5:07-CV-234).

Petitioner has now filed a new Motion to Correct Sentence Pursuant to Title 18 U.S.C. § 2255 seeking to have his sentence corrected "based on amendments 707 and 709, which clarify, among other things, sentences imposed at the same time or in a consolidated proceeding are to be treated as one sentence." (R-76).

## Conclusions of Law

Petitioner contends that he is entitled to a reduction in his criminal history calculation because of the change made to the language of the United States Sentencing Guideline § 4A1.2(f) by Amendment 709. Petitioner claims that because of the amendment, three of his prior burglary convictions should have been treated as a single prior conviction for sentencing purposes. Petitioner's Motion is actually an action under Title 18 U.S.C. § 3582(c)(2), which provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable,

>if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Petitioner's claim is without merit, however, as Amendment 709, effective November 1, 2007, was not given retroactive applicability as required by inclusion in U.S.S.G. § 1B1.10(c), and therefore does not apply to Petitioner's 1999 conviction and sentence at all. *See* U.S. Sentencing Commission, Supplement To The 2007 <u>Guideline Manual</u>, May 1, 2008 at page 2.

WHEREFORE, IT IS RECOMMENDED that Petitioner Polk's petition be dismissed. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 16th day of October, 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE