# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

**KERRY A. POLK,**

    Petitioner,

v.

**UNITED STATES OF AMERICA,**

    Respondent.

Case No. 5:08-CV-90029 (HL)
Case No. 5:98-CR-00066

# ORDER

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge G. Mallon Faircloth, entered on October 16, 2008 (Doc. 78). The Magistrate Judge recommends that the Motion to Correct Sentence (Doc. 76) filed by Petitioner Kerry A. Polk be dismissed. As permitted under 28 U.S.C. § 636(b)(1), Petitioner filed his Objections to the Recommendation (Doc. 79), and the United States filed a Response to Petitioner's Objections (Doc. 80). After giving de novo consideration to Petitioner's Objections, and due consideration to the Recommendation, the Court adopts the Report and Recommendation as modified and explained below, and dismisses Petitioner's Motion.

## I.   PROCEDURAL HISTORY

On January 19, 1999, Petitioner was convicted of one count of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C.

§ 924(e).  The maximum sentence for a violation of § 922(g)(1) is imprisonment for ten years.  Petitioner, however, received an enhanced sentence of 250 months, as his prior criminal history included a conviction on three counts of burglary.  These three prior burglaries were each committed on different days, but were charged in the same indictment. In light of his criminal history, Petitioner was sentenced as an armed career criminal, resulting in the enhanced sentence.  18 U.S.C. § 924(e).

Petitioner now contends that his sentence should be vacated and corrected because of the change made to the language of United States Sentencing Guideline § 4A1.2(f) by Amendment 709.  His position is that the three prior burglary convictions should be counted as one conviction for calculation purposes, taking him out of the armed career criminal category.  This would result in a reduced sentence.

## II.     PETITIONER'S MOTION

Petitioner filed his Motion pursuant to 28 U.S.C. § 2255, which allows a prisoner in custody to challenge his sentence on the basis that (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum allowed by law, or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  Petitioner has a long history of post-conviction litigation in this Court, and has previously filed three § 2255 petitions (Docs. 40, 48, and 57), each of which has been denied.

The Magistrate Judge determined that Petitioner's Motion should be considered an action under 18 U.S.C. § 3582(c)(2), which gives the district court discretion to reduce a term of imprisonment if the sentencing range under which the defendant was sentenced has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). In such a case, the district court may reduce the defendant's sentence, after considering applicable 18 U.S.C. § 3553(a) factors, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). It is the Magistrate Judge's conclusion that Petitioner's claim fails because Amendment 709 was not given retroactive applicability as required by inclusion in U.S.S.G. § 1B1.10(c). This means that Amendment 709, effective November 1, 2007, would not apply to Petitioner's 1999 conviction and sentence.

In his Objections, Petitioner states that he is not seeking a sentence reduction under § 3582(c)(2), but a vacated and corrected sentence under § 2255. He argues that Amendments 707 and 709 are clarifying and that clarifying amendments always are retroactive. The Court recognizes that clarifying amendments, or amendments "that do not effect a substantive change, but instead provide persuasive evidence of how the Sentencing Commission originally envisioned application of the relevant guideline, apply retroactively, but...'may only be retroactively applied on direct appeal of a sentence or under a § 2255 motion.'" United States v. Armstrong, 347 F.3d 905, 908-909 (11th Cir.2003). As such, relief might be available to Petitioner if the Court construes his Motion as a § 2255 motion.

Unfortunately for Petitioner, he is not entitled to relief under either § 2255 or § 3582(c)(2). If the Motion is analyzed as a § 3582(c)(2) motion, the Magistrate Judge's Recommendation is correct, as Amendment 709 was not given retroactive applicability and therefore does not apply to Petitioner's conviction and sentence. *See* United States v. Abusaid, 295 Fed.Appx. 362, 364 (11th Cir. October 6, 2008); Armstrong, 347 F.3d at 909.

As noted *supra*, if Amendment 709 is a clarifying amendment, it would apply retroactively to a § 2255 motion. Armstrong, 347 F.3d at 908-909. Assuming *arguendo* that Petitioner's Motion is a § 2255 motion, he still is not entitled to relief because Amendment 709 effected a substantive change to U.S.S.G. § 4A1.2(a)(2). This has been recognized by the Third, Seventh, and Ninth Circuits. United States v. Alexander, 553 F.3d 591, 592-593 (7th Cir.2009); United States v. Marler, 527 F.3d 874, 877 n. 1 (9th Cir.), *cert. denied*, 129 U.S. 427, 129 S.Ct. 427 (2008); United States v. Wood, 526 F.3d 82, 87-88 (3d Cir.), *cert. denied*, - - - U.S. - - -, 129 S.Ct. 308 (2008); Lopez v. United States, 2009 WL 383358 (M.D.Fla. February 13, 2009). This amendment completely changes the way prior convictions are counted in calculating a defendant's criminal history. This cannot be considered a mere clarification. Petitioner himself seeks to use Amendment 709 here to substantively change the calculation of his criminal history category. *See* Lopez, 2009 WL 383358 at *1. Since Amendment 709

is a substantive amendment with respect to § 4A1.2(c), Petitioner cannot use it retroactively to vacate his sentence under § 2255.

Apart and aside from the foregoing, the Court is also required to dismiss Petitioner's claims for jurisdictional reasons. It is undisputed that Petitioner has previously filed at least one § 2255 motion which was denied. Under 28 U.S.C. § 2244(b)(3)(A), before a second or successive § 2255 application is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. This Court has no jurisdiction to consider a second or successive § 2255 motion until it receives certification from the Eleventh Circuit Court of Appeals allowing the motion. *See* 28 U.S.C. § 2255 (cross-referencing the § 2244 certification requirement). "[W]hen a person files an unauthorized or successive motion to vacate without having obtained the appropriate authorization from the court of appeals, as in the instant case, the proper remedy is for the district court to dismiss the claims raised in the motion." El-Amin v. United States, 172 Fed.Appx. 942, 946 (11th Cir. March 28, 2006).

### III.    CONCLUSION

Having considered Petitioner's Motion, the Court agrees with the findings and conclusions of the Magistrate Judge as modified herein. Petitioner's Motion to Correct Sentence (Doc. 76) is **DISMISSED**.

SO ORDERED, this the 16th day of April, 2009.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh